In the Matter of the Application under the Election Law, on the Petition of HENRY A. SOFFER, a Duly Nominated Candidate for the Office of Justice of the City Court of the City of New York, Queens County, Petitioner, for an Order Directing THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, to Reject the Certificate of Nomination of THOMAS J. TOWERS, as Candidate of the Democrat Party for the Same Office.*

Supreme Court, Special Term, Kings County, October 15, 1937.

*Benjamin Adler*, for the petitioner.

*Richard J. Barry*, for Thomas J. Towers.

*Leonard M. Wallstein, Jr.*, for the respondent.

FABER, J.  The sole question presented is whether section 131 of the Election Law has been complied with.  That section provides that the certification of nomination " shall be signed by a presiding officer and a secretary of the body making the nomination, and appended to the certificate shall be their affidavit that they were such officers and that the statements in such certificate are true."  The certificate in this case was signed by the presiding officer and the secretary, and there is appended thereto an affidavit which is sworn to only by the presiding officer.  Under the rule of liberal

---

* Revd., 252 App. Div. 774.

construction prescribed by section 330 I think the term "their affidavit" means an affidavit presented by them and not necessarily an affidavit in which they both join. Moreover, the certificate involved was acknowledged by both the presiding officer and secretary of the committee, and in the acknowledgment it is certified that both those officers executed the certificate "for the purposes therein mentioned." Thus, if something in the nature of a joint affidavit was required by the law, the omission thereof in the present case was entirely inadvertent.

Motion to declare null and void the certificate of nomination of Thomas J. Towers for the office of justice of the City Court and to direct the board of elections to refuse to accept the same for filing is denied.